## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC  20024, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. _____ |
| v. | ) <br> ) <br> ) | |
| INTERNAL REVENUE SERVICE, <br> 1111 Constitution Avenue, NW <br> Washington, DC 20224, | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 10, 2014, Plaintiff sent a FOIA request to Defendant seeking access to the following public records:

> Any and all records concerning, regarding, or related to the selection of individuals for IRS audits based on information submitted in organizations' applications for 501(c)(4) tax-exempt status, 501(c)(4) donor lists, or IRS Form 990s.

The time frame of the request was identified as being "January 1, 2010 to the present." The request does not seek information about any individual taxpayer, any individual taxpayer's tax "return," or any "return information" about an individual taxpayer.

6. By letter dated November 14, 2014, Defendant acknowledged receiving Plaintiff's request on October 17, 2014, and assigned the request number F15293-0004. Defendant's November 14, 2014 letter advised Plaintiff that Defendant had "extended the statutory response date to December 2, 2014." Defendant's November 14, 2014 letter also stated that, "we will still be unable to locate and consider release of the requested records by December 2, 2014. We have extended the response date to February 23, 2015, when we believe we can provide a final response." The letter advised Plaintiff that, "[y]ou may file suit if you do not agree to an extension beyond the statutory period . . . You may file suit after December 2, 2015."

7. On October 10, 2014, Plaintiff sent a FOIA request to Defendant also seeking access to the following public records:

> Any and all records concerning, regarding, or related to the selection of 501(c)(4) tax-exempt organizations for IRS audits based on information submitted in applications for tax-exempt status or IRS Form 990s

The time frame of the request was identified as being "January 1, 2010 to the present." The request does not seek information about the personal information or audit results of any entity, any entity's tax "return," or any "return information" about an entity.

       8. By letter dated November 14, 2014, Defendant acknowledged receiving Plaintiff's request on October 17, 2014, and assigned the request number F15293-0001. Defendant's November 14, 2014 letter advised Plaintiff that Defendant had "extended the statutory response date to December 2, 2014." Defendant's November 14, 2014 letter also stated that, "we will still be unable to locate and consider release of the requested records by December 2, 2014. We have extended the response date to February 25, 2015, when we believe we can provide a final response." The letter advised Plaintiff that, "[y]ou may file suit if you do not agree to an extension beyond the statutory period . . . You may file suit after December 2, 2015."

       9. Plaintiff has received no further communications from Defendant concerning the status of Defendant's responses to Plaintiff's two FOIA requests described in paragraphs 5 and 7 above.

       10. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's requests, notify Plaintiff of any determinations, or notify Plaintiff of its right to appeal any adverse determinations to the head of the agency. Nor has Defendant produced any records responsive to the requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

11. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

14. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests described in paragraphs 5 and 7 above, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 12, 2015

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Ramona R. Cotca
Ramona R. Cotca
D.C. Bar No. 501159
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Attorneys for Plaintiff*